# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**COLE JOHN**                                                          **PETITIONER**
**DAUGHENBAUGH**

**VS.**                     **2:17-CV-00088-KGB-JTR**

**G. BEASLEY, Warden**                                  **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Cole John Daughenbaugh ("Daughenbaugh"), who is currently incarcerated at the Forrest City, Arkansas, Federal Correctional Institution.

*Doc. 1.* In the Petition, Daughenbaugh challenges a sentence imposed by the United States District Court for the Southern District of Iowa. *United States v. Daughenbaugh*, Case No. 4:16-CR-0061 (S.D. Iowa) ("*Daughenbaugh I*"). The relevant facts supporting Daughenbaugh's collateral attack on his federal sentence are set forth below.

On June 17, 2016, Daughenbaugh appeared before a United States Magistrate Judge in the Southern District of Iowa and entered a plea of guilty to one count of being an unlawful user in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The Magistrate Judge filed a Report and Recommendation recommending the acceptance of Daughenbaugh's guilty plea. *Daughenbaugh I*, *Docs. 41-43*. On July 12, 2016, the presiding United States District Judge entered an Order accepting Daughenbaugh's guilty plea. *Id. at Doc. 48*. On October 27, 2016, Daughenbaugh was sentenced to 48 months in prison. *Id.*, *Docs. 73, 76*. Daughenbaugh did not file a direct appeal of his conviction and sentence.

On March 30, 2017, Daughenbaugh filed a Motion to Vacate or Set Aside the Sentence imposed in *Daughenbaugh I* pursuant to 28 U.S.C. § 2255. *See Daughenbaugh v. United States, 4:17-CV-00116 (S.D. Iowa) (Daughenbaugh II).* He argued that his trial counsel was ineffective for numerous reasons, including failing to prevent certain evidence from being introduced during the sentencing

hearing and failing to order a forensic examination on the firearm. He also made other "exceedingly vague" allegations of ineffectiveness of counsel. *Daughenbaugh II*, *Order, Doc. 2*. Finally, Daughenbaugh also argued the sentencing court erred in its factual findings made to compute the guideline range.

On April 26, 2017, Daughenbaugh's § 2255 Petition was dismissed. *Id.* The Court in *Daughenbaugh II* held that: (1) the change of plea hearing transcript demonstrated that Daughenbaugh's guilty plea was made voluntarily and knowingly; (2) Daugenbauch's failure to appeal meant that any allegations other than ineffective assistance of counsel were defaulted; (3) none of Daugenbauch's ineffective counsel allegations impacted the sentence imposed;[1] (4) hearsay testimony was admissible at both his detention and sentencing hearings, so his attorney could not be faulted for allowing such testimony. *Id*.

On May 18, 2017, Daughenbaugh filed this § 2241 habeas action seeking a reversal of his sentence based on the following grounds: (1) ineffective assistance of counsel resulting in a "railroaded plea" and an exaggerated sentence; (2) inaccuracies in the Presentence Report resulting in an increased guideline range; (3) admission of erroneous hearsay evidence by incompetent witnesses; and (4) the

---

[1] Although the sentencing guidelines recommended a sentence of 70 and 87 months, the District Judge downwardly departed and imposed a sentence of 48 months. Thus, Daughenbaugh's sentence was not driven by the computation of the guideline range.

District Judge failed to address arguments presented in his § 2255 and contradicted himself when denying a certificate of appealability. *Doc. 1.*

For the reasons discussed below, this Court concludes it lacks subject matter jurisdiction and recommends that this habeas action be dismissed, without prejudice.

## II. Discussion

A challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* "it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention." *See United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1061-62 (8th Cir. 2002) (describing the

exception as a "narrowly-circumscribed 'safety valve'"). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907. Daughenbaugh's Petition neither mentions § 2255(e) nor offers any explanation of why his § 2255 remedy was or is "inadequate or ineffective."

The Eighth Circuit has explicitly held that a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Id.*; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). In addition, § 2241 may not be used to address an allegation that "the sentencing court misunderstood or failed to adequately address his § 2255 claim." *Lopez-Lopez*, 590 F.3d at 907.[2] Finally, the fact that procedural barriers prevent a petitioner from pursuing § 2255 relief does *not* render that remedy "inadequate or ineffective" under § 2255(e).

According to Daughenbaugh, the sentence imposed in *Daughenbaugh I* was: (1) improperly calculated under the United States Sentencing Guidelines; and (2) exaggerated in relation to the facts of his criminal conduct due to "procedural errors"

---

[2] The Eighth Circuit has specifically held that the § 2255 remedy is *not* inadequate or ineffective merely because: (1) the claim already has been raised and rejected in a § 2255 proceeding; (2) the sentencing court failed to fully or adequately address a § 2255 claim; (3) the petitioner has been denied permission to file a second or successive § 2255 motion; or (4) a § 2255 motion would be barred as successive or untimely. *Id.*; *Hill*, 349 F.3d at 1091.

of a constitutional magnitude. *Doc. 1 at p. 2.* All of Daughenbaugh's claims challenge, directly or indirectly, the validity of the federal sentence imposed in the Southern District of Iowa. All of his claims, but one, could have been raised on direct appeal or in his § 2255 proceeding and therefore may not be addressed on the merits in a § 2241 petition. His remaining claim, that the sentencing court failed to adequately resolve his §2255 Petition, also is not addressable in a §2241 action.

### III. Conclusion

Accordingly, under § 2241, this Court lacks subject matter jurisdiction to consider Daughenbaugh's challenge to the sentence imposed by the United States District Court for the Southern District of Iowa in *Daughenbaugh I*.

IT IS THEREFORE RECOMMENDED THAT this Petition for a Writ of Habeas Corpus (*doc. 1*) be DISMISSED, without prejudice.

Dated this 28th day of June, 2017.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE